IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREGORY AHRENS, et al.,

    Plaintiffs,

    v.

UCB HOLDINGS, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-348-TWT

**OPINION AND ORDER**

This is an ERISA case. It is before the Court on the Defendants' Motion to Dismiss Counts IV Through VIII of the Complaint [Doc. 25], which is GRANTED.

**I. Background**

The Plaintiffs, Gregory Ahrens, Steve Barber, Valerie Cote, Mary Ann Geiger, Robert Hylander, Kenneth Johnson, Charles W. Morris, Mark Singleton, and Timothy Walker, are former and current employees of UCB (or a subsidiary or affiliate) who are participants in the UCB Pension Plan. They were employees of Northampton Medical, Inc., or Whitby Pharmaceuticals, Inc., immediately before UCB, Inc.,

acquired those companies in 1994.[1] From 1994 to March 1, 2005, the terms of the UCB Pension Plan defined "Credited Service" to include participants' years of service at a subsidiary or affiliate before that subsidiary or affiliate became associated with UCB.[2] In March of 2005, the Pension Plan was amended to state that pre-UCB service would no longer be included.[3] After the 2005 Amendment, the Plaintiffs received pension statements indicating that their credited service under the UCB Pension Plan still included their pre-1994 service.[4] In late 2011 and early 2012, UCB issued letters to the Plaintiffs informing them that the pension statements received from 2005 on had been improperly calculated to include pre-UCB service.[5] UCB sought to recoup overpayments from those who had already received payments.[6] The Plaintiffs bring this Complaint seeking a determination that they, and other members of their putative class, are entitled to credit for pre-UCB service. Alternatively, the Plaintiffs claim that the Plan fiduciaries breached their fiduciary duties with respect to disclosures about

---

[1] Compl. ¶ 2.

[2] Id. ¶ 3.

[3] Id.

[4] Id. ¶ 4.

[5] Id. ¶ 5.

[6] Id.

the Plan terms. Furthermore, the Plaintiffs claim that UCB should disgorge any profits earned on benefits wrongfully withheld from or belatedly distributed to members of the Class and that UCB should be enjoined from collecting overpayments to which it is not entitled. The Defendants move to dismiss Counts IV through VIII of the Complaint on various grounds, including that some of the counts are barred by the statute of limitations.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[7] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[8] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[9] Generally, notice pleading is all that is required for a valid

---

[7] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[8] Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[9] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

complaint.[10] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[11]

### III. Discussion

The Defendants move to dismiss Counts IV through VIII of the Plaintiffs' Complaint. They first allege that Counts IV, V, and VI are time-barred. ERISA has a six year statute of limitations that runs from "the date of the last action which constituted a part of the breach or violation," or "in the case of an omission the latest date on which the fiduciary could have cured the breach or violation."[12] The statute of limitations is shortened to three years where the plaintiff had actual knowledge of the breach or violation.[13] In cases of fraud or concealment, however, the statute of limitations is six years from the date of discovery of the breach or violation.[14]

Count IV of the Complaint alleges a breach of fiduciary duty with respect to the summary plan descriptions and other written statements. Count IV alleges affirmative

---

[10]   See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[11]   See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[12]   29 U.S.C. § 1113.

[13]   Id.

[14]   Id.

misrepresentations.[15] The alleged misrepresentations date back to1994.[16] Count V of the Complaint alleges a breach of fiduciary duty in connection with the 1994 acquisition of Whitby and Northhampton by the Defendant. Count V alleges affirmative misrepresentations.[17] These misrepresentations were made in 1994.[18] Count VI of the Complaint alleges a breach of fiduciary duty in connection with the original 2005 statements. Count VI alleges an affirmative misrepresentation in the original 2005 pension statements.[19] The Complaint here was filed on February 3, 2015. There is no question that all of these misrepresentations occurred over six years before the Plaintiffs filed their Complaint. Counts IV, V, and VI of the Complaint should be dismissed under the six-year statute of limitations.

The Plaintiffs make several arguments attempting to extend the limitations period. First they argue that the Defendants engaged in fraud or concealment, therefore making the statute of limitations six years from the date of discovery. For the fraud or concealment exception to the statute of limitations to apply, the Plaintiffs

---

[15]    Compl. ¶ 181.

[16]    Id. ¶ 180.

[17]    Id. ¶ 189.

[18]    Id. ¶ 191.

[19]    Id. ¶ 196.

must plead that the Defendants took affirmative steps to hide a breach of fiduciary duty.[20] Upon review of the Complaint, this Court finds that the Plaintiffs plead only the initial alleged misrepresentations, not any additional affirmative steps of fraud or concealment. The exception to the statute of limitations therefore does not apply.

Second, the Plaintiffs argue that the statute of limitations was tolled while they exhausted their administrative remedies. With respect to exhausting administrative remedies, the Plaintiffs only began administrative appeals in 2013.[21] Because this Court finds that the statute of limitations began to run in 1994 on Counts IV and V and in 2005 on Count VI, it expired long before the Plaintiffs began exhausting their administrative remedies. Because the Plaintiffs did not begin to exhaust their administrative remedies until after the statute of limitations had run, the statute is not tolled.

The Defendants move to dismiss Count VII of the Complaint, arguing that it fails to allege an ERISA violation. The Defendants further argue that Count VII is time-barred under the three-year statute of limitations. The statute at issue, 29 U.S.C. § 1133, requires employee benefit plans to "provide adequate notice in writing to any

---

[20] In re Unisys Corp. Ret. Med. Benefit ERISA Litig., 242 F.3d 497, 503 (3d Cir. 2001); Bleier v. Coca-Cola Co., No. 1:06-cv-697-TWT, 2006 WL 2947057, at *3 (N.D. Ga. Oct. 16, 2006).

[21] Compl. ¶ 135.


participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial."[22] The Plaintiffs argue based on the Department of Labor regulations interpreting the ERISA section at issue that "claim for benefits" includes what happened here – a notification of reduction in benefits. That interpretation is contrary to the regulations the Plaintiffs cite. Specifically, 29 C.F.R. § 2560.503-1(a) states that regulations "set[] forth minimum requirements for employee benefit plan procedures pertaining to *claims for benefits*."[23] The regulation then defines "claim for benefits" as "a request for a plan benefit or benefits made by a claimant in accordance with a plan's reasonable procedure for filing benefit claims."[24] The Complaint admits that no claims were made until 2014, long after the 2012 letters at issue in Count VII were sent.[25] Because the notification letters do not concern a claim for benefits, Count VII fails to state a claim and should be dismissed. Given that Count VII fails to state a claim, there is no need to address the statute of limitations issue.

---

[22]    29 U.S.C. § 1133(1).

[23]    29 C.F.R. § 2560.503-1(a) (emphasis added).

[24]    29 C.F.R. § 2560.503-1(e).

[25]    Pls.' Compl. ¶ 135.

The Defendants also move to dismiss Count VIII of the Complaint, arguing that the Plaintiffs do not have standing to bring that claim. The Eleventh Circuit has held that in an ERISA case, where diminished assets resulting from an alleged fiduciary breach have no impact on the amount of the plaintiff's retirement distributions, the plaintiff lacks standing to sue.[26] Count VIII of the Complaint makes no allegations of specific impact on any of the Plaintiffs' retirement distributions or any specific harm to any specific Plaintiff. The Plaintiffs argue that Geiger and Walker were harmed. This argument confuses Count VIII of the Complaint, which does not state any individual harm, with Count IX, which does state individual harm. Count VIII only alleges general harm to the Plan, for which the Eleventh Circuit has held that individual plaintiffs do not have standing. Count VIII should be dismissed.

## IV. Conclusion

For the reasons stated above, the Defendants' Motion to Dismiss Counts IV Through VIII of the Complaint [Doc. 25] is GRANTED.

SO ORDERED, this 6 day of January, 2016.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[26] Piazza v. Ebsco Indus., Inc., 273 F.3d 1341, 1350 (11th Cir. 2001).