## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GREGORY AHRENS, STEVE BARBER, VALERIE COTE, MARY ANN GEIGER, ROBERT HYLANDER, KENNETH JOHNSON, CHARLES W. MORRIS, MARK SINGLETON, AND TIMOTHY WALKER, individually and on behalf of a class of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UCB HOLDINGS, INC., UCB, INC. DEFINED BENEFIT PENSION PLAN, ADMINISTRATIVE COMMITTEE OF THE UCB, INC. DEFINED BENEFIT PENSION PLAN, AND DOES 1-50,<br><br>Defendants. | Case No. 1:15-cv-00348-TWT |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTIONS FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, PLAN OF ALLOCATION, AND APPROVAL OF NOTICE TO THE CLASS**

This matter is before the Court on Plaintiffs' Motions for Preliminary Approval of the Settlement, Certification of the Settlement Class, Approval of the Plan of Allocation, and Approval of Class Notice. Having reviewed the Settlement Agreement, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and good cause appearing based on the record, **IT IS HEREBY ORDERED** that the motions are **GRANTED** as follows:

**Class Certification.**

1.      For settlement purposes, all of the claims assert in the Complaint are certified pursuant to Rule 23(a) and Rule 23(b)(1) and 23(b)(2) of Federal Rule of Civil Procedure on behalf of the UCB, Inc. Defined Benefit Pension Plan "Settlement Class" defined as follows:

> (1)      All participants in the UCB, Inc. Defined Benefit Pension Plan (the "UCB
>
> Plan") who were employees of a subsidiary or affiliate of UCB, Inc. or a
>
> successor thereto (including UCB Holdings, Inc.) who had service with
>
> Northampton Medical, Inc. or Whitby, Inc. or Whitby Pharmaceuticals, Inc.
>
> before UCB acquired those companies and, after such acquisition, was a
>
> participant in the UCB Plan.
>
> (2)      The beneficiaries of such participants.

The following persons are excluded from the Settlement Class: (a) the Administrative Committee Defendants (as that term is defined in the Complaint); (b) any fiduciaries of the UCB Plan; (c) any officers or directors of UCB; (d) any other persons who had decision-making or administrative authority relating to the establishment, administration, modification, funding, or interpretation of the UCB Plan; (e) any member of the immediate family of any heirs, successors, or assigns of any such Excluded Person and

(f) any Plan participant who died prior to commencement of benefits from the UCB Plan without a qualifying surviving spouse, alternate payee or designated beneficiary.

2.      For all claims asserted in the Complaint, the Court finds that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class and the Settlement Class Representatives have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class.

3.      For all claims asserted in the Complaint, the requirements for certification under Rule 23(b)(1) are met because (A) inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for the party opposing the class, specifically the UCB Plan and those administering the Plan, and (B) adjudications with respect to Plaintiffs, as a practical matter, would be dispositive of the interests of participants who are the other members of the Class and would substantially impair or impede their ability to protect their interests if they are not parties;

4.      For all claims asserted in the Complaint, the requirements for certification under Rule 23(b)(2) are met because Defendants have acted or refused to act on grounds that apply generally to the class and final injunctive relief or declaratory relief is appropriate respecting the class as a whole.

5.      The following Plaintiffs are hereby appointed as the Class Representatives of the Settlement Class: *Mary Ann Geiger, Michael Highlands, Kenneth Johnson, Timothy Walker*

6.      Pursuant to Rule 23(g) and 23(a)(4), R. Joseph Barton of Block & Leviton, LLP and Joseph Creitz, Creitz & Serebin LLP are appointed Co-Lead Class Counsel

7.      Pursuant to Rule 23(g) and 23(a)(4), Steve Anderson of Anderson Dailey is appointed as Liaison Counsel.

**Class Notice**.

8.      The proposed Settlement Class Notice is approved as to form and content and the plan for dissemination of the Settlement Class Notice to the Settlement Class is approved as satisfying the requirements of Rule 23(c)(2) and (e)(1) of the Federal Rules of Civil Procedure and due process. Non-material modifications to the Notice may be made without further order of the Court.

**Preliminary Settlement Approval**.

9.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure the Settlement Agreement dated January __, 2017 is fair, reasonable and in the best interests of the named Plaintiffs and the Settlement Class, and adequate to warrant providing notice of the Settlement to the Class and accordingly is preliminarily approved.

**Proposed Plan of Allocation**.

10.     The Plan of Allocation providing for the allocation of the Net Settlement Amount among Class Members is preliminarily approved as being fair, reasonable, and adequate to the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**Objections to Settlement**.

11.     In order to be considered, any objections to the Settlement must include:  (a) the objector's full name and address and an appearance on behalf of any counsel representing the objector; (b) a written statement of the grounds for the objection including any evidence

supporting the objection; (c) any supporting memorandum or brief; (d) a list of any persons who will be called to testify in support of the objections, and the subject matter(s) on which such person(s) will testify; and (e) a statement whether the objector intends to appear at the Final Approval Hearing, and, if such appearance will be through counsel, the identity of such counsel.

12.     To the extent any objection is not electronically filed through the Court's electronic filing system, the objection must be served upon counsel of record by U.S. Mail, postage prepaid and postmarked by the filing deadline set forth below.

13.     No objection to the Settlement shall be heard and no papers submitted in support of an objection shall be received or considered by the Court at the Final Approval Hearing unless the objection and reasons therefore, along with copies of any supporting papers, are filed with the Clerk of the Court and served on the parties within 45 days of the distribution of the class notice.

**Stay of Proceedings**.

14.     Except as necessary to effectuate this Order, the case and all deadlines set by the Court are stayed and suspended pending the Final Approval Hearing or until further order of this Court (unless one or both parties exercise their rights to withdraw from the Settlement).

**Final Approval Hearing and Settlement Deadlines**

15.     Pursuant to Rule 23(d) and (e) of the Federal Rules of Civil Procedure, the following dates and deadlines are set in order for the Court to evaluate whether the Settlement should be given final approval, and to evaluate Class Counsel's request for an award of attorneys' fees and reimbursement of costs and expenses.  The date of the Final Approval Hearing may be continued from time to time by order of the Court if necessary without further notice to the Settlement Class.

| Event | Parties' Suggested Deadline | Deadline Date |
|---|---|---|
| Last day for Defendants to send the Settlement class notice to Settlement Class members | [30 days after date of this Order] | *March 13, 2017* |
| Last day for Defendants to file Declaration regarding Settlement class notice | [30 days after date on which class notice is required to be sent] | *april 12, 2017* |
| Last day for Class Counsel to file motion for award of attorneys' fees and costs | [45 days after date of this Order] | *March 27, 2017* |
| Last day for Settlement Class Members to file objections to the Settlement | [45 days after date of this Order] | *april 12, 2017* |
| Last day for Class Counsel to file motion for final approval of Settlement | [75 days after date of this Order] | *april 27, 2017* |
| Hearing on motion for final approval of Settlement and application for attorneys' fees and costs | [At least 110 days after January 17, 2017 filing of Motion for Preliminary Approval] | *May 19, 2017 at 11:00 AM* |

DONE AND ORDERED THIS __9__ DAY OF __Feb.__ , 2017

_____
HON. THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

6