IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREGORY AHRENS, *et al.*,

     Plaintiffs,

v.

UCB HOLDINGS, INC., *et al.*,

     Defendants.

Case No. 1:15-cv-00348-TWT

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF SETTLEMENT

WHERERAS Plaintiffs, on behalf of the proposed Settlement Class, and

Defendants entered into a Class Action Settlement Agreement dated January 17,

2017 (ECF No. 63) to settle all claims alleged in the Complaint (ECF No. 1);

WHEREAS, on February 9, 2017, the Court entered an Order (a)

preliminarily approving the Settlement Agreement and the Plan of Allocation,

(b) certifying the Settlement Class for settlement purposes, (c) appointing certain

Plaintiffs as Class Representatives of the Settlement Class, R. Joseph Barton of

Block & Leviton LLP and Joseph Creitz of Cretiz & Serebin LLP as Co-Lead Class

Counsel, and Steve Anderson of Anderson Dailey as Liaison Counsel, (d)

ordering the Settlement Class notice to be sent to members of the Settlement

Class, (e) scheduling a Final Approval Hearing on May 19, 2017, and (f) setting

deadlines for members of the Settlement Class to object to the proposed

Settlement (ECF No. 66 ("the Preliminary Approval Order"));

WHEREAS Plaintiffs and Defendants have complied with the Preliminary

Approval Order, including all the deadlines set forth therein;

WHEREAS, on May 19, 2017, the Court held a Final Approval Hearing to

determine whether to grant final approval of the proposed Settlement;

WHEREAS the Court has heard and considered all submissions in

connection with the proposed Settlement and the files and records herein,

Plaintiffs' Unopposed Motion for Final Approval of Settlement and Plan of

Allocation, Class Counsel's Unopposed Motion for an Award of Attorneys' Fees

and Expenses, as well as the arguments of counsel; and

It is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1.     <u>Jurisdiction.</u>  The Court has personal jurisdiction over Plaintiffs,

Defendants, and members of the Settlement Class pursuant to ERISA § 502(e)(2),

29 U.S.C. § 1132(e)(2) and subject-matter jurisdiction over this action pursuant to

28 U.S.C. § 1331, including but not limited to jurisdiction to finally approve the

proposed Settlement, to grant final certification of the Settlement Class, and to

dismiss claims alleged in the Complaint on the merits and with prejudice.

2.     **<u>Class Certification for Settlement Purposes Only.</u>**  Pursuant to the

Preliminary Approval Order, the Court previously certified, for settlement

purposes only, the following Settlement Class under Rule 23(a) and Rule 23(b)(1) and (2) of the Rules of Civil Procedure as to all claims asserted in the Complaint:

> (1)     All participants in the UCB, Inc. Defined Benefit Pension Plan (the "UCB Plan") who were employees of a subsidiary or affiliate of UCB, Inc. or a successor thereto (including UCB Holdings, Inc.) who had service with Northampton Medical, Inc. or Whitby, Inc. or Whitby Pharmaceuticals, Inc. before UCB acquired those companies and, after such acquisition, was a participant in the UCB Plan.

> (2)     The beneficiaries of each such participant.

The following persons are excluded from the Settlement Class: (a) the Administrative Committee Defendants (as that term is defined in the Complaint); (b) any fiduciaries of the UCB Plan; (c) any officers or directors of UCB; (d) any other persons who had decision-making or administrative authority relating to the establishment, administration, modification, funding, or interpretation of the UCB Plan; (e) any member of the immediate family of any heirs, successors, or assigns of any such Excluded Person and (f) any Plan participant who died prior to commencement of benefits from the UCB Plan without a qualifying spouse, alternate payee or designated beneficiary.

3

For the foregoing reasons, the Court reaffirms that it is proper to certify, and

hereby does finally certify, for settlement purposes only, the Settlement Class

pursuant to Federal Rule of Civil Procedure 23.

a.    **Numerosity:** Rule 23(1) requires that a proposed class be "so

numerous that joinder of all class members is impracticable."  Fed. R. Civ.

23(a)(1).  Here, impracticability of joinder is met as Defendants have identified

over 200 participants who are members of the Settlement Class, in addition to

their beneficiaries.

b.    **Commonality:**  Rule 23(a)(2) requires that there are "questions

of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  Here, the common

questions of law or fact include (1) whether the terms of the UCB, Inc. Defined

Benefit Pension Plan ("the Plan") include years of service at Northampton

Medical, Inc. ("Northampton") or Whitby, Inc. or Whitby Pharmaceuticals, Inc.

(collectively "Whitby") when determining Class Members' years of service for

benefit determination; (2) whether an amendment to the Plan improperly

reduced the years of service for Class Members in violation of ERISA's anti-

cutback provision; (3) whether the summary plan description for the Plan failed

to comply with ERISA and the DOL regulations; and (4) whether the disclosures

made in letters sent to some of the Class Members in 2012 violated ERISA by

failing to inform their recipients that the letters served as adverse benefit determinations.  The commonality requirement is satisfied.

      c.    **Typicality:**  Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  Here, Plaintiffs' claims and those of the Settlement Class arise from the same alleged courses of conduct by Defendants, which include (1) Defendants' interpretation of the Plan as excluding Class Members' years of service at Northampton or Whitby when calculating their benefits; (2) Defendants' application of an amendment to the Plan to improperly reduce Class Members' years of service; and (3) the disclosures made or omitted by Defendants.   The typicality requirement is satisfied.

      d.    **Adequacy:**  The adequacy requirement is satisfied when "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Here, there is no evidence that Plaintiffs' interests are adverse to those of the Settlement Class.  The Court finds that Plaintiffs Mary Ann Geiger, Robert "Michael" Hylander, and Timothy Walker, whom the Court previously appointed as class representatives, have fulfilled their responsibilities on behalf of the Settlement Class and have fairly and adequately represented the

5

interests of the Class Members.[1] The Court further finds that Lead Class Counsel are experienced ERISA litigators and have vigorously prosecuted this action on behalf of and in the best interests of the Settlement Class.

> e.   **Rule 23(b)(1):** The requirements of Rule 23(b)(1) are met if "prosecuting separate actions by or against individual class members would create a risk of (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1).  One "classic example" where certification under Rule 23(b)(1) is appropriate is "the adjudication of the rights of all participants in a fund in which the participants had common rights." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 n. 14 (1999).

Here, inconsistent or varying adjudications as to whether the Plan includes credit for years of service at Northampton or Whitby or whether the amendment to the Plan to exclude those of years of service is invalid would establish

---

[1] Plaintiff Kenneth Johnson, whom the Court previously appointed as a class representative by its Preliminary Approval Order, passed away after entry of the Preliminary Approval Order.

incompatible interpretations of the terms of the Plan for the fiduciaries of the

Plan, who are required to treat similarly situated participants the same. The

requirements of Rule 23(b)(1)(A) are satisfied.  Also, an adjudication of Plaintiffs'

claims would require determinations about the terms of the Plan or the

disclosures by Defendants or other aspects of their conduct would, as a practical

matter, determine whether other former employee of Northampton and Whitby

would be entitled to service credit under the Plan for their years of service at

Northampton or Whitby.  The requirements of Rule 23(b)(1)(B) are also satisfied.

      f.      **Rule 23(b)(2):** Certification under Rule 23(b)(2) is appropriate

where "the party opposing the class has acted or refused to act on grounds that

apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole[.]"  Fed. R. Civ. P.

23(b)(2).  "The key to the (b)(2) class is the indivisible nature of the injunctive or

declaratory remedy warranted -- the notion that the conduct is such that it can be

enjoined or declared unlawful only as to all of the class members or as to none of

them." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011).

Here, Defendants' actions with respect to pre-acquisition service credit

apply generally to the Settlement Class.  Also, the primary form of relief that

Plaintiffs seek is a declaration that the Settlement Class is entitled to have their

benefits calculated and determined under the Plan by including their years of

service at Northamption or Whitby.  Any monetary relief obtained is incidental to the declaratory relief sought in that "[t]hose benefits would not be damages. They would be the automatic consequence of a judicial order revising the . . . plan to make it more favorable to participants." *Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 370 (7th Cir. 2012) (affirming Rule 23(b)(2) certification in suit regarding calculation of pension benefits).  Certification under Rule 23(b)(2) is appropriate.

3.    **Settlement Class Counsel.**  Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court previously appointed R. Joseph Barton of Block & Leviton LLP and Joseph Creitz of Creitz & Serebin LLP as Co-Lead Class Counsel and Steve Anderson of Anderson Dailey as Liaison Counsel.  The Court finds that Class Counsel has fully and adequately represented the interests of the Settlement Class for purposes of entering into and implementing the Settlement Agreement and has satisfied the requirements of Rule 23.

4.    **Settlement Class Notice.**  The Court finds that the distribution of the Settlement Class Notice was in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, and

(a)    constituted the best practicable notice to members of the Settlement Classes under the circumstances of this action;

8

(b)     was reasonably calculated, under the circumstances, to apprise

members of the Settlement Class of (i) the pendency of this class action; (ii)

their right to object to any aspect of the proposed Settlement, including

final certification of the Settlement Class, the fairness, reasonableness or

adequacy of the Settlement Class' representation by Class Counsel, and the

award of attorneys' fees and expenses; (iii) their right to appear at the Final

Approval Hearing; and (iv) the binding effect of the orders and Final

Judgment as to all claims against Defendants in this action, whether

favorable or unfavorable, on all members of the Settlement Class;

(c)     was reasonable and constituted due, adequate and sufficient notice

to all persons entitled to be provided with notice; and

(d)     fully satisfied the requirements of the Federal Rules of Civil

Procedure (including Rules 23(c)(2) and (e)), the United States Constitution

(including the Due Process Clause), and any other applicable law.

5.     **The Plan of Allocation.**  The Court finally approves the Plan of

Allocation as a fair and reasonable method to allocate the Net Settlement

Amount as defined in the Settlement Agreement among members of the

Settlement Class.  The Court directs that the Plan Administrator effectuate the

distribution of the Net Settlement Amount in accordance with the terms of the

Settlement Agreement (including the Addendum thereto) and the Plan of

Allocation, including within the times and manner set forth in Section VI of the

Settlement Agreement.  The Settlement Class shall not have any claim against

Plaintiffs, the UCB Plan, Settling Defendants, or counsel to any of the foregoing,

including any of the individuals involved in the distribution under the Plan of

Allocation, based on any distributions of the Settlement Amount or the Net

Settlement Amount made substantially in accordance with the Settlement

Agreement or as authorized by the Court.

**6.     Amendment of the Plan.**  Within 30 days of the date on which the

Final Order becomes Non-Appealable, Defendants (and/or the current Plan

sponsor) will adopt an amendment to the UCB Plan that reflects that the Class

Members are entitled to benefits under the UCB Plan consistent with the

amounts as set forth under the Plan of Allocation as approved by the Court, and

the amendment will adjust benefits to recognize benefits for those Class

Members who previously received and retained benefit payments based on pre-

acquisition service credit in the amounts they previously received.  Defendants

will provide Lead Class Counsel with a proposed draft of the amendment to be

adopted at least 10 business days before its adoption, and will provide Lead

Class Counsel with a copy of the actual amendment as adopted with 14 calendar

days after its adoption.

7.     **Reporting Regarding Payments.**  Within 20 days after the Final
Order becomes Non-Appealable, Defendants will provide Lead Class Counsel a
list of the amount to be paid to each Class Member pursuant to Section VI.C of
the Settlement Agreement (and sufficient information to identify the Class
Member). Within 75 days after the Final Order becomes Non-Appealable,
Defendants will file a declaration with the Court confirming that those payments
have been issued (irrespective of whether such payments have been received by
the Class Member) consistent with Section VI of the Settlement Agreement.

8.     **Class Action Fairness Act Notice.**  The Court finds that Defendants
have caused to be served a notice of the proposed Settlement on appropriate
state and federal officials in accordance with the requirements under the Class
Action Fairness Act ("CAFA"), 28 U.S.C § 1715(b), and have satisfied their
obligations thereunder.

9.     **The Fairness, Adequacy, and Reasonableness of the Settlement.**
The Eleventh Circuit has identified the following factors that a court should
consider in determining whether a settlement is fair, reasonable, and adequate:

> (1) the likelihood of success at trial; (2) the range of possible
> recovery; (3) the point on or below the range of possible recovery at
> which a settlement is fair, adequate and reasonable; (4) the
> complexity, expense and duration of litigation; (5) the substance and
> amount of opposition to the settlement; and (6) the stage of
> proceedings at which the settlement was achieved.

*Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). In making that

determination, the court may rely on "the judgment of experienced counsel for

the parties." *Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429, 434 (11th

Cir. 2012). In addition the court must find that the class action settlement "is not

a product of collusion between the parties." *Bennett*, 737 F.2d at 986.

There is no evidence that the Settlement was the product of collusion.

Plaintiffs and the Class were represented by counsel experienced in ERISA class

action litigation as were Defendants who had sufficient information, documents

and data to assess the claims, the likely relief and a reasonable settlement. The

Parties reached the basic terms of the Settlement with the assistance of a neutral

mediator, and agreed on the final terms of the Settlement Agreement only after

months of additional negotiations. The Court finds that the Settlement resulted

from arm's length negotiations and the terms and provisions of the Settlement

Agreement have been entered into in good faith.

The Court also concludes that all of the factors set forth in *Bennett* are

satisfied. Specifically, the Court finds that (a) Plaintiffs' likelihood of success at

trial is uncertain; (b) the Settlement is within the range of possible recovery that

is fair, adequate, and reasonable; (c) continued litigation would be complex,

expensive, and lengthy; (d) there is no objection by a single member of the

Settlement Class to the terms of the Settlement; and (e) the stage of the

proceedings at which the Settlement was achieved permitted Plaintiffs to obtain

and Class Counsel had and did obtain sufficient information to adequately

evaluate the merits of the case.  The Settlement is hereby fully approved as fair,

reasonable, and adequate as to, and in the best interests of, Plaintiffs and

members of the Settlement Class, and in full compliance with all applicable

requirements of the Federal Rules of Civil Procedure, the United States

Constitution (including the Due Process Clause), and any other applicable law.

10.    **Award of Fees to Class Counsel.**  The Court has considered the

following factors, among others, to determine the amount of fees and expenses to

award to Class Counsel: (a) the time and labor required, (b) the novelty and

difficulty of the questions involved, (c) the skill requisite to perform the legal

services, (d) preclusion of other employment, (e) the customary fee and the

contingency of the fee, (f) the "undesirability" of the case, (g) the amount

involved and the results obtained, and (h) awards in similar cases.  After

consideration of these factors, the Court grants Class Counsel's motion for (i) an

award of attorneys' fees equal to 27% of the $5.5 million common fund as of July

26, 2016 (plus interest at an agreed- upon rate from July 26, 2016) pursuant to the

Settlement Agreement, and (b) reimbursement of expenses in the amount of $*39,412.64*

_____ out of the Settlement Amount pursuant to the Settlement Agreement.

UCB will pay the Fee Award and the Expense Award so that it is received by

Lead Class Counsel within 30 calendar days from the date that the Final Order

becomes Non-Appealable and as otherwise consistent with Sections VIII.C and

VIII.D of the Settlement Agreement.

11.   **Releases.**  The Releases contained in Section XIII of the Settlement

Agreement are expressly incorporated herein in all respects.  The Court

acknowledges and finds as follows:

With regard to the Releases described, the Settling Parties expressly

acknowledge certain principles of law applicable in some states,

such as Section 1542 of the Civil Code of the State of California,

which provides:

> A general release does not extend to claims which [a]
> creditor does not know or suspect to exist in his or her
> favor at the time of executing the release, which if
> known by him or her must have materially affected his
> or her settlement with the debtor.

The Settling Parties expressly waive all rights related to the Settled

Claims under Section 1542 of the Civil Code of the State of

California.  The Settling Parties acknowledge that they may have

claims that are covered by the terms of the Settlement Agreement

that they have not yet discovered.  The Settling Parties acknowledge

that they intend to release any and all such known, unknown, or

unsuspected Settled Claims.  Notwithstanding the choice of law

14

provision in the Settlement, to the extent that California or other law may be applicable and enforceable, the Settling Parties hereby agree that the provisions of Section 1542 of the Civil Code of the State of California and all similar federal, state, or other jurisdiction's laws, rights, rules, or legal principles that may be applicable here are hereby knowingly and voluntarily waived and relinquished by the Settling Parties.

**12.  Dismissal.**  The Court hereby dismisses this Action with prejudice. Plaintiffs and all Class Members hereby release the Settling Defendants and the UCB Releasees of all claims (whether asserted or unasserted) arising out of the events alleged in the Complaint or the events alleged in the administrative claims brought by Plaintiffs, including any claims for attorneys' fees, costs, expenses, or sanctions (except to enforce any award of fees or costs awarded by this Order). Defendants hereby release Plaintiffs and the Class of all claims that were or could have been asserted arising out of the facts or claims asserted in the Complaint, including any recoupment claims and any claims for attorneys' fees, costs, expenses, incentive awards, or sanctions.  Nothing in this Order or in the Final Judgment entered in connection with this Order shall preclude any action to enforce the Settlement Agreement or any other claims not released by the Settlement Agreement.

**13.   Final Judgment.**  There is no just reason to delay entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**14.   Continuing Jurisdiction.**  The Court has jurisdiction to enter this Order and the accompanying Final Judgment.  Without affecting the finality of this Order and Final Judgment in any way, this Court expressly retains exclusive jurisdiction as to all matters relating to (a) implementation of the Settlement Agreement; (b) disposition of the Settlement Amount; and (c) the payment of attorneys' fees and reimbursement of expenses, and (d) enforcement and administration of the Settlement Agreement, the Plan of Allocation or any order of this Court.

For the reasons set forth herein, the Court hereby (1) grants final approval of the Settlement; (2) certifies the Settlement Class pursuant to Rule 23(a) and Rule 23(b)(1) and (2) of the Federal Rules of Civil Procedure; (3) grants Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses; (4) dismisses this Action with prejudice and (5) enters final judgment in this Action.  The parties are ordered to carry out the Settlement as provided in the Settlement Agreement.

DONE AND ORDERED THIS 19 DAY OF *May*, 2017

Thomas W. Thrash

HON. THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE